**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| BRIDGET CONNOLLY,<br><br>          Plaintiff,<br><br>v.<br><br>SPEEDWAY LLC, et al.<br><br>          Defendants. | CIVIL ACTION NO. |

TO:   The Honorable Judges of the
       United States District Court
       District of Massachusetts

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Speedway LLC. ("Speedway" or "Defendant"), hereby gives notice of the removal to this Court of an action brought against it by the Plaintiff, Bridget Connolly, which was filed in the Commonwealth of Massachusetts, Barnstable County Superior Court, Civil Action No. 2672CV00145 ("State Court Action"). As grounds for this removal, Speedway states as follows:

## PRELIMINARY CLAIMS

1. On May 1, 2026, Plaintiff commenced the State Court Action against Defendants by filing a complaint and jury demand entitled "*Bridget Connolly v. Speedway LLC, et al.*", Civil Action No. 2672CV00145, in Barnstable County Superior Court, Massachusetts. A copy of the Complaint was served on Defendant on July 15, 2026. A true and accurate copy of all pleadings served on Defendant in this action, which comprises the entire State Court docket as of the date of removal, are attached as **Exhibit A.** To Defendant's knowledge, there has been no attempt to serve

the John Doe defendants, and no proof of service has been filed with the Barnstable County Superior Court related to service on John Doe defendants.

2.    Plaintiff asserts claims against Defendant stemming from her employment with Speedway.  Specifically, Plaintiff asserts that Defendant wrongfully terminated her in violation of Massachusetts public policy, and that Defendant committed Intentional Infliction of Emotional Distress ("IIED") against her.  Plaintiff seeks to recover economic damages, compensatory damages for emotional distress, punitive damages, pre-judgment and post-judgment interest, and attorneys' fees, costs, and other unidentified expenses.  Plaintiff further seeks injunctive relief and declaratory relief.

## VENUE

3.    In accordance with 28 U.S.C. § 1441(a), venue lies in the United States District Court for the District of Massachusetts because the State Court Action was filed within this judicial district and division.

## I.    GROUNDS FOR REMOVAL

4.    Plaintiff's action is a civil action over which this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 and is one which Defendant is entitled to remove to this Court pursuant to 28 U.S.C. §§ 1441 and 1446 because the action is between citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

5.    Plaintiff is an individual residing in Plymouth County, Massachusetts.  *See* Compl. ¶ 11.  Plaintiff is therefore deemed a citizen of Massachusetts.

6.    Defendant Speedway LLC is a limited liability company organized under the laws of Delaware.  As confirmed in the attached the Declaration of Jose Motta ("Motta Decl."), Speedway LLC is wholly owned by SEI Speedway Holdings, LLC, a Delaware limited liability

2

company, which in turn is wholly owned by 7-Eleven, Inc., a corporation incorporated in Texas with its principal place of business in Texas. *See* Motta Decl. ¶¶ 4-7, attached as **Exhibit B**. Because the citizenship of a limited liability company for diversity purposes is determined by the citizenship of each of its members, and 7-Eleven, Inc. is the corporate member at the top of Speedway's ownership chain, Speedway is therefore a citizen of Texas. *See Pramco, LLC ex rel. CFSC Consortium, LLC v. San Juan Bay Marina, Inc.*, 435 F.3d 51, 54 (1st Cir. 2006); *see also Potts v. Ritz-Carlton Hotel Co., LLC*, 780 F. Supp. 3d. 333, 335 (D. Mass. 2025).

7. As Plaintiff is a citizen of Massachusetts, and Defendant is a citizen of Texas, this Court has original jurisdiction under 28 U.S.C. § 1332 based on complete diversity of citizenship.

8. The presence of the unidentified John Doe defendants named in the Complaint does not defeat this Court's diversity jurisdiction. As set forth above, Plaintiff has not identified or attempted to serve any John Doe defendant, and no proof of service as to any John Doe defendant has been filed with the Barnstable County Superior Court. Pursuant to 28 U.S.C. § 1441(b)(1), "[i]n determining whether a civil action is removable on the basis of jurisdiction under section 1332(a), the citizenship of defendants sued under fictitious names shall be disregarded." Accordingly, the citizenship of the unidentified and unserved John Doe defendants is disregarded for purposes of this Court's diversity jurisdiction analysis, and complete diversity exists between Plaintiff and Defendant.

9. There is a reasonable probability that the amount in controversy in this action exceeds the sum of $75,000, exclusive of interest and costs. In the State Court Action's Civil Action Cover Sheet, Plaintiff itemized her damages as $8,500.00 in documented lost wages and compensation to date, $350,000.00 in reasonably anticipated lost wages, and $150,000.00 in other documented damages, for a total of $508,500.00, exclusive of punitive damages, attorneys' fees,

3

costs, and interest. *See* State Court Action's Civil Cover Sheet. Plaintiff's Complaint further seeks punitive damages, pre-judgment and post-judgment interest, and an award of attorneys' fees and costs. *See* Compl., Prayer for Relief ¶¶ 3-7. Accordingly, the amount in controversy in this action readily exceeds $75,000, exclusive of interest and costs.

10.     In addition to economic damages, Plaintiff's Complaint seeks compensatory damages for severe emotional distress, stress, and anxiety allegedly caused by Defendant's conduct, as well as attorneys' fees and costs. *See* Compl. ¶¶ 43, 51-52, 56-57; Prayer for Relief ¶¶ 4, 7. While Defendant denies that Plaintiff is entitled to any relief, Massachusetts courts and juries frequently award substantial emotional distress awards in comparable employment retaliation and wrongful termination matters. *See, e.g., Dalrymple v. Town of Winthrop*, 50 Mass. App. Ct. 611, 620-621 (2000) (affirming jury verdict of $200,000 for emotional distress in a retaliation case); *Brissette v. Franklin County Sheriff's Office*, 235 F. Supp. 2d 63, 95 (D. Mass. 2003) (awarding $150,000 in emotional distress -damages to each plaintiff in a retaliation case); *Haddad v. Wal-Mart Stores, Inc.*, 455 Mass. 91, n.3 (2009) (affirming jury award that included $125,000 for emotional distress). Given Plaintiff's allegations that she was terminated for reporting her supervisor's theft from a children's charity and was accused of "trying to get [her supervisor] in trouble" for doing so, a jury could reasonably award emotional distress damages in a comparable range in this case, exceeding the jurisdictional threshold of $75,000 alone.

11.     Plaintiff also demands punitive damages in her Complaint. (Compl., Prayer for Relief ¶ 5). Massachusetts courts have allowed punitive damage awards in comparable employment retaliation and wrongful termination cases. *See, e.g., Dalrymple*, 50 Mass. App. Ct. at 621 (affirming jury verdict of $300,000 in punitive damages in a retaliation case); *Beaupre v. Cliff Smith & Assoc.*, 50 Mass. App. Ct. 480, 497-498 (2000) (affirming jury verdict of $87,500 in

punitive damages). Plaintiff alleges that Speedway's conduct, including retaining and promoting the employee whom Plaintiff reported for stealing from a children's charity while terminating Plaintiff for reporting that conduct, was intentional and malicious. *See* Compl. ¶¶ 54-55. To the extent Plaintiff is able to establish that Speedway's conduct warrants punitive damages, an award in a range comparable to these cases would independently exceed the $75,000 jurisdictional threshold.

12.     Therefore, in light of the allegations and claimed damages, including Plaintiff's own calculations of damages on her State Court Action's Civil Cover Sheet, the amount in controversy easily exceeds $75,000.

## II.     TIMELINESS OF REMOVAL

13.     28 U.S.C. § 1446 establishes the time frames and procedure to properly effectuate removal, and sets forth, in pertinent part:

> The notice of removal of a civil action or proceeding shall be filed
> within 30 days after the receipt by the defendants, through service
> or otherwise, of a copy of the initial pleading setting forth the claim
> for relief upon which such action or proceeding is based . . . .

14.     Speedway was served with the Summons and a copy of Plaintiff's Complaint on July 15, 2026.

15.     This Notice of Removal has been timely filed.

### III.    ALL OTHER PROCEDURES FOR REMOVAL HAVE BEEN FOLLOWED

16.    28 U.S.C. § 1446(a) requires a defendant seeking to remove a civil action to file "a copy of all process, pleadings, and orders served upon such . . . defendants in such action."  The document attached hereto as Exhibit A includes "all process, pleadings and orders served" upon Speedway in the State Court Action to date.

17.    All adverse parties to this action have been provided with written notice of the filing of this removal, as required by 28 U.S.C. § 1446(d), as evidenced by the attached Certificate of Service. Speedway will also serve all adverse parties with a Notice to Adverse Party of Removal to Federal Court. A copy of this written notice, without attachments, is attached as **Exhibit C**.

18.    Speedway will cause to be filed with the clerk for the Barnstable County Superior Court, Massachusetts, a copy of this Notice of Removal, as required by 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal. A copy of this written notice, without attachments, is attached as **Exhibit D**.

19.    Pursuant to Local Rule 81.1(a), Speedway will obtain certified or attested copies of the docket sheet and all pleadings in the state court action and will file them in this Court within twenty-eight (28) days. Additionally, Speedway will also file a copy of the state court record pursuant to Local Rule 5.4(f).

20.    For the reasons stated above, this action is removable to this Court pursuant to the provisions of 28 U.S.C. §1441.

21.    By filing this Notice of Removal, Speedway is not making a general appearance and is not waiving any defenses and/or grounds for dismissal that may be available to it pursuant to Rule 12 of the Federal Rules of Civil Procedure and/or any other applicable rules, including, but not limited to, those related to service, service of process, sufficiency of process, venue, or

6

jurisdiction. Speedway specifically reserves the right to assert any defenses and/or objections to which it may be entitled.

Dated:  August 4, 2026

Respectfully submitted,


SPEEDWAY LLC,
By its Attorneys,


*/s/ Timothy C. Benjamin*
Timothy C. Benjamin, BBO #708947
Eric A. Welter (*Pro Hac Vice forthcoming*)
WELTER LAW FIRM, P.C.
20130 Lakeview Center Plaza, Suite 400
Ashburn, VA 20147
(703) 435-8500
tcb@welterlaw.com
eaw@welterlaw.com

Jeffrey S. Siegel, BBO #647148
Daniel R. Fishman, BBO #696748
MORGAN, BROWN & JOY, LLP
28 State Street, 16th Floor
Boston, MA 02109-2605
Phone: (617) 523-6666
Fax: (617) 367-3125
jsiegel@morganbrown.com
dfishman@morganbrown.com

## CERTIFICATE OF SERVICE

I, Timothy C. Benjamin, hereby certify that on August 4, 2026, the foregoing document has been filed with the Court electronically through the CM/ECF system, and served the Plaintiff by U.S. Mail and electronic mail:

S. Amy Spencer, Esq.
Samuel Valas, Esq.
GREENBERG GROSS LLP
101 Federal Street, Suite 1900
Boston, MA 02110
aspencer@ggtriallaw.com; svalas@ggtriallaw.com

*Attorneys for Plaintiff*

*/s/ Timothy C. Benjamin*
Timothy C. Benjamin